J-A15034-17

2017 PA Super 320

| | | |
|---|---|---|
| C.G., | : | IN THE SUPERIOR COURT OF |
| | : | PENNSYLVANIA |
| Appellant | : | |
| | : | |
| v. | : | |
| | : | |
| J.H. | : | No. 1733 MDA 2016 |

Appeal from the Order entered September 22, 2016
in the Court of Common Pleas of Centre County,
Civil Division, No(s): 2015-4710

BEFORE: MOULTON, SOLANO and MUSMANNO, JJ.

CONCURRING OPINION BY MUSMANNO, J.:      **FILED OCTOBER 11, 2017**

While the Majority sets forth a comprehensive analysis of the issue of standing in this case, I write separately to convey my concerns regarding the trial court's evidentiary hearing in this matter. From the trial court's Opinion, it is apparent that the court applied a custody "best interests" standard, rather than considering the factors relevant to a standing challenge asserted through preliminary objections.

I additionally note that, while the Majority properly relied on our Supreme Court's decision in *T.B. v. L.R.M.*, 786 A.2d 913, 916 (Pa. 2001), it may be time to re-visit the issue of the appropriate standard and presumptions to be applied in determining standing where a child is born during a same-sex relationship. I question whether treating C.G. as a "third party" is appropriate where, as here, the parties lived together following a

commitment ceremony;[1] Child was conceived during the parties' relationship; and the parties subsequently lived together with Child for over five years.

---

[1] At that time, same-sex marriage was not recognized under Florida law.  If C.G. were male, standing would not be an issue because C.G. would have been considered to be a "parent."